UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENERO MARTE, | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-560 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEBRUARY 23, 2015 |
| Respondent. | : | |

**RULING RE: MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE (Doc. No. 1)**

**I.    INTRODUCTION**

Petitioner Genero Marte filed a Motion to Vacate, Set Aside, or Correct Sentence
(Doc. No. 1) on April 25, 2014.  In the Motion, Marte alleges that his counsel was
ineffective in a number of ways and that the District Court committed errors during trial
and at sentencing.  The government responded to this court's Order to Show Cause
(Doc. No. 4), arguing that Marte's claims are unsupported by the record and that Marte
seeks to relitigate issues determined on appeal.  See Government's Response to Order
to Show Cause (Doc. No. 6) ("Gov't Resp.").

For the reasons that follow, the court denies Marte's Motion.

**II.    BACKGROUND**

A federal grand jury returned an indictment against Marte, among others,
charging him with conspiracy to distribute 50 grams or more of crack cocaine.  Marte
and his codefendants were tried before a jury starting in November 2008.  The jury
found Marte guilty of conspiracy to distribute fifty grams or more of a substance
containing cocaine base.  See Jury Verdict, United States of America v. Marte, 3:08-
CR-4 (JCH) (November 20, 2008) (Doc. No. 596) at 3.

1

This court sentenced the defendant to 204 months of imprisonment and five years of supervised release on November 24, 2009.  See Judgment, United States of America v. Marte, 3:08-CR-4 (JCH) (November 20, 2008) (Doc. No. 1151).  Marte appealed, arguing that there was insufficient evidence to sustain his conviction, that the district court erred in its calculation of the drug quantity for which he was responsible, and that the district court erred in enhancing his sentence for organizing or leading a criminal activity involving five or more participants.  See United States v. Rawls, 523 Fed. App'x 772 (2d Cir.) cert. denied sub nom. Hoggard v. United States, 134 S. Ct. 349 (2013).

The Second Circuit rejected Marte's challenges and affirmed this court's judgment in a Summary Order dated April 30, 2014.  See id.

## III.    LEGAL STANDARD

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  Ciak v. United States, 59 F.3d 296, 301 (2d Cir.1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002).  "[C]ollateral attack on a final judgment in a criminal case is generally available under [section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice."  Graziano v. United States, 83 F.3d 587, 589–90 (2d Cir. 1996) (citation and internal quotation marks omitted).

In a section 2255 motion, the burden is on the petitioner to prove by preponderance of the evidence his entitlement to relief.  See Napoli v. United States, 45 F.3d 680, 683 (2d Cir. 1995); Gotti v. United States, 622 F. Supp. 2d 87, 91 (S.D.N.Y. 2009).  The general rule that a court must construe pro se litigants' pleadings liberally "to raise the strongest arguments that they suggest" applies equally in the context of section 2255 motions.  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

In deciding a section 2255 motion, the court must hold a hearing, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  However, a petitioner is not automatically entitled to a hearing, and no hearing is required where a petitioner's "allegations are 'vague, conclusory, or palpably incredible.'"  Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)); see also United States v. Aiello, 814 F.2d 109, 113–14 (2d Cir. 1987) ("Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.").  "The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding."  Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

"To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief."  Gonzalez, 722 F.3d at 131.  For ineffective assistance of counsel claims, the threshold evaluation in determining the necessity for a hearing is whether the petitioner's claim is "plausible," not whether that claim "will necessarily succeed."  Puglisi, 586 F.3d at 213.

IV.   **DISCUSSION**

Marte's grounds for relief fall into two categories: ineffective assistance of counsel claims and district court errors.  Marte further asserts that he is entitled to a hearing.  The court addresses these issues in turn.

A.   <u>Alleged Ineffective Assistance of Counsel</u>

Marte alleges that his counsel failed to effectively assist him in a number of ways. In his papers, Marte provides a list of alleged ways in which his counsel failed him.  <u>See</u> Pet'r's Traverse Brief (Doc. No. 13) ("Pet'r's Reply") at 4–7.  Marte's allegations about his counsel's performance can be organized into four categories.  First, Marte claims that his trial counsel failed to request certain jury instructions.  Second, Marte contends that his counsel failed to object to the testimony of co-conspirators and law enforcement agents.  Third, he alleges that his counsel failed to sufficiently impeach certain witnesses on cross-examination.  Fourth, he asserts that his lawyer failed to call witnesses regarding drug quantity and the government's use of a telephone recording.[1]

Ineffective assistance of counsel is "[o]ne claim that may appropriately be raised for the first time in a [section] 2255 motion, 'whether or not the petitioner could have raised the claim on direct appeal.'"  <u>Harrington v. United States</u>, 689 F.3d 124, 129 (2d Cir. 2012) (quoting <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003)).  A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result."  <u>Id.</u> (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984)).

---

[1] Marte also faults his attorney for not renewing his Motion for Judgment of Acquittal at the close of evidence.  <u>See</u> Pet'r's Reply 7.  Even if this allegation is true, Marte suffered no prejudice as a result because there was sufficient evidence to support his conviction.  <u>See</u> <u>infra</u> Part III.B.

The Second Circuit has described the burden as "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (citations and internal quotation marks omitted).  "The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" Id. at 129–30 (quoting Harrington v. Richter, 131 S.Ct. 770, 788 (2011)).

To show the requisite prejudice, at the second step, a petitioner must show "a reasonable probability that his reliance on counsel's ineffective assistance affected the outcome of the proceedings."  Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

1.      Requests for Jury Instructions

Marte alleges that his trial counsel failed to request jury instructions on cooperating witnesses, multiple conspiracies, and the buyer seller doctrine.  However, even if Marte's allegations are true, he suffered no prejudice because the court, in fact, instructed the jury on these matters.  See Jury Charge, United States of America v. Marte, 3:08-CR-4 (JCH) (November 19, 2008) (Doc. No. 595) at 23–24, 42–46, 52. Therefore, Marte is unable to establish the second element of Strickland's standard for ineffective assistance of counsel.

2.      Failure to Object to Evidence

Marte contends that his trial counsel failed to object to co-conspirator and law enforcement testimony.  For the most part, Marte does not identify why any of this

testimony was objectionable.  The only basis that he does identify is that his lawyer

failed to object to the testimony of law enforcement agents identifying his voice in

recordings incriminating telephone conversations, which Marte argues was improper

expert testimony.  However, as the government correctly points out, this testimony was

admissible lay testimony because it was rationally based on their interactions with Marte

after he was arrested.  <u>See</u> Tr. 154, 167–68, 476–77, 572–74, 582–86 (testimony of Uri

Shafir); Tr. 1164 – 67, 1187–88, 1238 (testimony of Angelo Meletis); Tr. 1263–66

(testimony of Raymond Walczyk); <u>see also</u> F.R.E. 701.[2]

>           3.           Failure to Cross-Examine

Marte generally argues that his lawyer did not satisfactorily cross-examine co-

conspirator and law enforcement witnesses.  To the contrary, Marte's lawyer thoroughly

cross-examined each witness identified by Marte.  <u>See</u> Tr. 141–83 (cross-examination

of Uri Shafir); Tr. 390–409 (cross-examination of Kenneth Thames); Tr. 692–700;

(cross-examination of Mauriel Glover); Tr. 950–1030 (cross-examination of Katlin

Flavin); Tr. 1194 – 1261 (cross-examination of Angelo Meletis); Tr. 1281–1310 (cross-

examination of Raymond Walczyk).  "The decision 'whether to engage in cross-

examination, and if so to what extent and in what manner' is generally viewed as a

strategic decision left to the sound discretion of trial counsel."  <u>Lavayen v. Duncan</u>, 311

Fed. App'x 468, 471 (2d Cir. 2009) (quoting <u>Dunham v. Travis</u>, 313 F.3d 724, 732 (2d

Cir. 2002)).  Because Marte's counsel conducted cross-examination of the identified

---

[2] Although the trial transcript was docketed in separate files – one for each day of trial – it is consecutively paginated.  <u>See</u> Trial Transcript ("Tr."), <u>United States of America v. Marte</u>, 3:08-CR-4 (JCH) (Doc. Nos. 588 (Day 1), 563 (Day 2), 589 (Day 3), 591 (Day 4), 592 (Day 4), 593 (Day 6), 1269 (Day 7), 1270 (Day 8)).  The court's citations are to the consecutively-numbered pages of the trial transcript.

witnesses, Marte's ineffective assistance claims based on failure to cross-examine is without merit.

4.     Failure to Call Witnesses[3]

Marte argues that his counsel failed to provide adequate representation by not calling witnesses to testify on certain issues.  Specifically, Marte faults his attorney for (1) not calling witnesses to testify as to the quantity of drugs attributable to him and (2) not calling an expert to testify about the telephone recordings in which the government identified Marte's voice.  See Pet'r's Reply 6.  "Although a decision not to call particular witnesses is typically a question of trial strategy, an unexplained failure to call credible alibi witnesses cannot be considered reasonable trial strategy."  Pena-Martinez v. Duncan, 112 Fed. App'x 113, 114 (2d Cir. 2004) (citing Pavel v. Hollins, 261 F.3d 210, 217–20 (2d Cir. 2001)).

Here, Marte fails to identify any witnesses that could have been called to testify about drug quantity.  More to the point, Marte's counsel's choice to not call such witnesses is well within reasonable trial strategy.

Counsel's decision not to call an expert to testify about the government's telephone recordings was also strategic.  Marte's lawyer sought to impeach the degree to which the officers could accurately identify Marte's voice in the recording.  Further, even if an expert witness were called to testify, there is no "reasonable probability" that such an expert would have changed the outcome.  The agents' identification of Marte on the recordings was not the only evidence showing that he was individual known as

---

[3] Marte also generally alleges that his lawyer failed to conduct adequate discover "relative to Counts [sic] Two of the superseding indictment . . . to determine what factual basis the Government had for those charges."  Pet'r's Reply 6.  Marte's alleges no facts to support this general allegation.

"G."  See Rawls, 523 Fed. App'x at 775 (noting that Marte "was in possession of the cellular phone assigned the same telephone number as used by 'G'" and that a New Haven drug dealer testified that he knew Marte as "G").  Indeed, the Second Circuit ruled that "[t]he evidence was overwhelming that Marte was the individual identified as 'G' in the recorded phone calls."  Rawls, 523 Fed. App'x at 775.  Therefore, Marte's claim fails to satisfy the second element of Strictland.

      B.    Alleged District Court Errors

Marte also argues that the district court erred in enhancing his sentence under section 3B1.1 of the Sentencing Guidelines for leading or organizing criminal activity involving five or more participants, in not granting a motion for acquittal, and in its determination of the drug quantity attributable to him.  See Pet'r's Mem. 23, 30, 45.

"[T]he so-called mandate rule bars re-litigation of issues already decided on direct appeal.  The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal citation omitted).

Because Marte has already unsuccessfully raised the issues of quantity, leadership role, and sufficiency of the evidence on appeal, see Rawls, 523 Fed. App'x at 775, 777, 779, he is barred from doing so here, see Yick Man Mui , 614 F.3d at 53.

      C.    Hearing

In light of the foregoing discussion, Marte is not entitled to an evidentiary hearing because his Motion and the record "conclusively show that [he] is entitled to no relief."  28 U.S.C. § 2255(b).

**V.      CONCLUSION**

For the foregoing reasons, the court **DENIES** Marte's Motion to Vacate (Doc. No.

1).  Because the petitioner has not made a "substantial showing" of a denial of a

constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).


**SO ORDERED.**

Dated at New Haven, Connecticut, this 23rd day of February, 2015.


                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge