## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENERO MARTE, | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-560 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JULY 7, 2015 |
| Respondent. | : | |

### RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 15)

**I.   INTRODUCTION**

The court denied petitioner Genero Marte's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (Doc. No. 1).  See Ruling Re: Motion to Vacate, Set Aside, or Correct Sentence (the "Ruling") (Doc. No. 14).  Marte filed a Motion to Reconsider (Doc. No. 15) this court's Ruling.  Marte asserts that the court overlooked controlling Second Circuit law regarding ineffective assistance claims based on trial counsel's failure to consult with or call an expert witness.  The government filed a brief Response (Doc. No. 16), stating that the court should grant Marte's Motion and, upon reconsideration, affirm its Ruling.

For the reasons that follow, the court grants Marte's Motion to Reconsider (Doc. No. 15) and, upon reconsideration, denies Marte's Motion to Vacate (Doc. No. 1).

**II.   STANDARD**

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  See Shrader v.

CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided.  See id.  In general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

## III.    DISCUSSION

The court assumes familiarity with the underlying facts of this case.  Marte seeks reconsideration of the court's Ruling on the ground that the court overlooked a number of cases discussing counsel's obligation to consult and call an expert in certain instances.  In its Ruling, the court ruled that Marte's trial counsel's decision not to call an expert to testify about the government telephone recordings was within trial counsel's strategic discretion and that, even if it was not, there was no reasonable probability that calling such an expert would change the outcome of the case.  Because the court did not distinguish the cases referenced by Marte,[1] and because the government does not

---

[1] The court notes that it is not required in its rulings to address every case cited by a party.  Cf. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) ("In any event, courts are not required to address every case cited by a litigant, and declining to distinguish a particular non-controlling decision can hardly constitute an abuse of discretion.").

object to granting Marte's instant Motion, the court grants the Motion to Reconsider. However, for the following reasons, the court denies Marte's Motion to Vacate.

Marte cites a number of cases holding that, in certain circumstances, counsel's failure to consult or call an expert constitutes ineffective assistance.  See, e.g., Richey v. Bradshaw, 498 F.3d 344, 362–63 (6th Cir. 2007) (ineffective assistance where "[t]he scientific evidence of arson was . . . fundamental to the State's case.  Yet [petitioner's] counsel did next to nothing to determine if the State's arson conclusion was impervious to attack"); Gersten v. Senkowski, 426 F.3d 588, 608–12 (2d Cir. 2005) ("[I]n a case where the only direct evidence that any crime occurred or that, if it did, the petitioner committed it, was the testimony of the alleged victim, for defense counsel to simply concede the medical evidence without any investigation into whether it could be challenged was performance that the state court could not reasonably find to be objectively reasonable."); Lindstadt v. Keane, 239 F.3d 191, 200–04 (2d Cir. 2001) (in sexual abuse case, "defense counsel's failure to consult an expert, failure to conduct any relevant research, and failure even to request copies of the underlying studies relied on by Dr. Gordon contributed significantly to his ineffectiveness"); United States v. Tarricone, 996 F.2d 1414, 1418–20 (2d Cir. 1993) (hearing required to determine whether failure to consult handwriting expert constituted ineffective assistance).

Marte's cited cases are distinguishable from this case:  most of these cases centered on medical or highly scientific evidence, see, e.g., Gersten, 426 F.3d at 608–12 (failure to investigate medical and psychological evidence of sexual abuse of a child); Richey v. Bradshaw, 498 F.3d at 363 (failure to investigate prosecution's "scientific evidence of arson"); Lindstadt v. Keane, 239 F.3d at 201 (no challenge to only

physical evidence, which was a doctor's testimony about victim's medical injuries),

where the need for expertise is rather obvious.  The only case that might not be

considered to have centered on traditional "scientific" evidence is Tarricone, which

involved counsel's failure to consult a handwriting expert.[2]  However, while juries will

sometimes be able to make handwriting comparisons on their own, such comparisons

are often the subject of expert analysis and testimony.  Here, Marte faults his lawyer for

failing to consult with or call an expert on voice identification.  Unlike scientific, medical,

and even handwriting analysis, "voice identification is not generally considered to be an

area where expertise is important."  United States v. Cambindo Valencia, 609 F.2d 603,

640 (2d Cir. 1979) (citing Fed. R. Evid. 901(b)(5)).[3]  Indeed, juries themselves often

make voice comparisons with authenticated specimens without the help of expert

testimony.  See United States v. Fearon-Hales, 224 F. App'x 109, 112 (2d Cir. 2007)

("[T]he jury is generally competent to compare voice recordings with authenticated

specimens, and no expert witness is required."); Tyson v. Keane, 159 F.3d 732, 738 (2d

Cir. 1998) ("[A] jury cannot discern whether a fingerprint from the scene matches

defendant's prints without expert assistance.  Voice identification, however, does not

depend on specialized expertise.  Juries may listen to an audiotape of a voice and

determine who is speaking even though the voice has been authenticated only by a lay

---

[2] Tarricone has not been heavily relied on in subsequent cases regarding failure to call an expert witness.  See Harris v. United States, 9 F. Supp. 2d 246, 282 (S.D.N.Y. 1998) ("Tarricone present[s] [a] rare example[ ] of trial counsel failing to utilize an available defense or resource that addressed narrow and decisive issues.").

[3] Cambindo Valencia cites to Example (5) of the Note to Subdivision (b) of Rule 901 of the Federal Rules of Evidence, which states:  "Since aural voice identification is not a subject of expert testimony, the requisite familiarity may be acquired either before or after the particular speaking which is the subject of the identification, in this respect resembling visual identification of a person rather than identification of handwriting."

witness rather than an expert."); United States v. Sliker, 751 F.2d 477, 500 (2d Cir.

1984) ("We thus see no reason in principle why, in a case like this, where the person

whose voice on a tape is to be identified has testified, the jury cannot itself make the

comparison.").  Likewise, lay witnesses can compare voices and make identifications,

and the jury can decide whether to believe such witnesses.  See United States v. Rizzo,

492 F.2d 443, 448 (2d Cir. 1974).  Attacking the credibility of such lay witness testimony

on cross-examination is well within reasonable trial strategy.  See Samet v. United

States, 559 F. App'x 47, 50 (2d Cir. 2014) (failure to call or consult expert handwriting

and voice identification witnesses was not ineffective because trial counsel reasonably

"elected to undermine the government's witnesses through cross-examination rather

than through rebuttal experts"); see also United States v. Drones, 218 F.3d 496, 504

(5th Cir. 2000) ("In sum, given the uncertainty of the current state of the law regarding

the reliability and admissibility of expert voice identification evidence, and the

vulnerability of such expert testimony at trial, we simply cannot say that Goldsmith's

choice of strategy—and specifically his decision to attack the government's case rather

than to rely on expert voice identification testimony—was unreasonable."); United

States v. Salameh, 54 F. Supp. 2d 236, 252 (S.D.N.Y. 1999) (decision to cross-examine

government lay witness's voice identification instead of seeking expert voice analyst

was reasonable).

Thus, regarding the first prong of Strickland, because identifying a voice is not an

area where expertise is particularly important, Marte's counsel's choice to cross-

examine the government's voice identification witness instead of calling a rebuttal

expert was well within the realm of reasonable trial strategy.  See Samet, 559 F. App'x at 50.  Therefore, Marte fails to satisfy the first prong of Strickland.

As to the second prong of Strickland, Marte has provided no basis to believe that his counsel's inquiry into or calling of an expert witness would have changed the outcome of the trial.  Specifically, Marte has provided no evidence that such an expert would find that the voice on the recording was not his.[4]

Because Marte does not satisfy both prongs of Strickland, he has not shown that he is entitled to relief.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** Marte's Motion to Reconsider (Doc. No. 15) and **DENIES** Marte's Motion to Vacate (Doc. No. 1).  As the court stated in its Ruling (Doc. No. 14), because the petitioner has not made a "substantial showing" of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).


**SO ORDERED.**

Dated at New Haven, Connecticut, this 7th day of July 2015.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

---

[4] As noted by the Circuit, there was "overwhelming" evidence that Marte was the person identified as "G" on the recorded phone calls.  See United States v. Rawls, 523 F. App'x 772 (2d Cir.) cert. denied sub nom. Hoggard v. United States, 134 S. Ct. 349 (2013); Ruling 7–8.