**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GENERO MARTE, | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-00560 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | APRIL 11, 2016 |
| Respondent. | : | |

**RULING RE: PET'R'S MOT. FOR RELIEF FROM J./ORDER DENYING HIS AM. MOT. TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE, AND AUTHORITY IN SUPPORT THEREOF, BROUGHT PURSUANT TO RULE 60(b)(1) AND (6) OF THE FED. R. CIV. P. (DOC. NO. 22)**

## I.      BACKGROUND

On November 20, 2008, a federal jury convicted petitioner Genero Marte ("Marte") of conspiracy to possess with intent to distribute cocaine base, in violation of sections 841(b)(1)(A)(iii) and 846 of title 21 of the United States Code.  See United States v. Marte, No. 3:08-cr-00004, Verdict Form at 3 (Doc. No. 596); see also id., Judgment (Doc. No. 1151).  A year later, on November 24, 2009, the court sentenced Marte to 204 months' imprisonment to be followed by a five-year term of supervised release.  See id., Judgment (Doc. No. 1151).  Marte timely appealed his sentence, which the Second Circuit affirmed by Summary Order on April 30, 2013.  See United States v. Rawls, 523 F. App'x 772 (2d Cir. 2013).

On April 25, 2014, Marte filed a Petition that sought to have his sentence vacated, set aside, or corrected pursuant to section 2255 of title 28 of the United States Code.  See Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Pet'r's 2255 Mot.") (Doc. No. 1).  On May 30, 2014, a supplement/amendment to Marte's section 2255 Petition that raised additional grounds

1

for relief was docketed.  <u>See</u> Movant's Suppl./Am. Pleadings in Support of Pet. for Writ of Habeas Corpus Pursuant to Title 28 U.S.C.A. § 2255 ("Pet'r's First Suppl./Am. Mot.") (Doc. No. 5).  After additional briefing by Marte and the government, the court denied Marte's Petition on February 23, 2015.  <u>See</u> Ruling Re: Mot. to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) ("Feb. 2015 Ruling") (Doc. No. 14).  Marte subsequently filed a Motion seeking reconsideration of that Ruling.  <u>See</u> Mot. for Reconsideration, Pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 15).  The court granted Marte's Motion for Reconsideration, but again denied his request for relief pursuant to section 2255 of title 28 of the United States Code.  <u>See</u> Ruling Re: Mot. for Reconsideration (Doc. No. 15) ("July 2015 Ruling") (Doc. No. 17).  Marte appealed the court's denial of his section 2255 Petition, but the Second Circuit dismissed his appeal on the grounds that Marte had not "made a substantial showing of the denial of a constitutional right."  <u>See</u> Mandate of United States Court of Appeals for the Second Circuit (Doc. No. 28) (quoting 28 U.S.C. § 2253(c)(2)).

Now pending before the court is a Motion filed by Marte pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  <u>See</u> Pet'r's Mot. for Relief from J./Order Denying his Am. Mot. to Vacate, Set Aside, or Correct his Sentence, and Authority in Support Thereof, Brought Pursuant to Rule 60(b)(1) and (6) of the Fed. R. Civ. P. ("Pet'r's Rule 60(b) Mot.") (Doc. No. 22).  Marte contends that the court erred when it issued a Ruling on his Petition for relief pursuant to section 2255 without taking into account a second Motion to Amend his initial 2255 Petition that was dated May 30, 2014.  <u>See</u> <u>id.</u> at 2. For the reasons that follow, the court grants Marte's Rule 60(b) Motion (Doc. No. 22) for the sole purpose of considering whether the claim raised in Marte's second Motion to

Amend, when considered in conjunction with the rest of his filings, is a cognizable claim for relief.  The court also grants Marte's request that he be permitted to amend his section 2255 Petition to add the claim raised in his second Motion to Amend (Doc. No. 29).  However, the court denies Marte's request for relief pursuant to section 2255 of title 28 of the United States Code (Doc. No. 1).

## II.    LEGAL STANDARDS

### A.    Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure empowers the court to "relieve a party . . . from a final judgment, order, or proceeding" for various reasons.  See Fed. R. Civ. P. 60(b).  The enumerated reasons include "mistake, inadvertence, surprise, or excusable neglect," id. at 60(b)(1), and "any other reason that justifies relief," id. at 60(b)(6).  Motions invoking Rule 60(b)(1), (2), or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding," and all other Rule 60(b) motions "must be made within a reasonable time."  Id. at 60(c)(1).

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ."  Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).  Because Rule 60(b)(6), in particular, has a "potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief."  Id.; see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994) ("This Circuit has indicated . . . that since 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'").

3

B.      Section 2255

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  Ciak v. United States, 59 F.3d 296, 301 (2d Cir.1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002).  "[C]ollateral attack on a final judgment in a criminal case is generally available under [section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice."  Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal citation and quotation marks omitted).

In a section 2255 motion, the burden is on the petitioner to prove, by a preponderance of the evidence, that he is entitled to relief.  See Napoli v. United States, 45 F.3d 680, 683 (2d Cir. 1995).  In deciding a section 2255 motion, the court must hold a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  However, a petitioner is not automatically entitled to a hearing, and no hearing is required where a petitioner's "allegations are 'vague, conclusory, or palpably incredible.'"  Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)); see also United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987) ("Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.").  "The procedure for determining whether a hearing is necessary is in part analogous to, but in part different

4

from, a summary judgment proceeding." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." Gonzalez, 722 F.3d at 131. The threshold evaluation in determining the necessity for a hearing is whether the petitioner's claim is "plausible," not whether that claim "will necessarily succeed." Puglisi, 586 F.3d at 213 (internal citations and quotation marks omitted).

    C.    Ineffective Assistance of Counsel

Ineffective assistance of counsel is "[o]ne claim that may appropriately be raised for the first time in a [section] 2255 motion, 'whether or not the petitioner could have raised the claim on direct appeal.'" Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012) (quoting Massaro v. United States, 538 U.S. 500, 504, 509 (2003)). A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." Id. (citing Strickland v. Washington, 466 U.S. 668, 687-88, 692-93 (1984)).

The burden of showing ineffective assistance is "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (internal citations and quotation marks omitted). "The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" Id. at 129-30 (quoting Harrington v. Richter, 562 U.S. 86, 105 (2011)). The standard for evaluating the adequacy of counsel's representation is "a most deferential one,"

5

Harrington, 562 U.S. at 105, because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," United States v. Thomas, 608 F. App'x. 36, 38 (2d Cir. 2015) (summary order) (quoting Strickland, 466 U.S. at 690).

To show the requisite prejudice at the second step, a petitioner must show "a reasonable probability that his reliance on counsel's ineffective assistance affected the outcome of the proceedings." Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

## III.   DISCUSSION

### A.     Rule 60(b)

Marte's Motion pursuant to Rule 60(b) invokes sections (1) and (6) of that Rule. See Pet'r's Rule 60(b) Mot. at 1 (Doc. No. 22).  Section (1) of Rule 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Motions under Rule 60(b)(1) must be made within a year of "entry of the judgment or order or the date of the proceeding."[1] Id. at 60(c)(1).  Section (6) of Rule 60(b) is a catchall provision that allows the district court to grant relief for "any other reason that justifies relief," id. at 60(b)(6), so long as the request for relief is "made

---

[1] There does not appear to be any question about the timeliness of Marte's Motion pursuant to Rule 60(b)(1).  The court's original Ruling on Marte's section 2255 Petition was dated February 23, 2015, see Feb. 2015 Ruling (Doc. No. 14), and the court's Ruling on Marte's Motion for Reconsideration was dated July 7, 2015, see July 2015 Ruling (Doc. No. 17).  Marte's Rule 60(b) Motion was docketed on December 7, 2015, see Pet'r's Rule 60(b) Mot. (Doc. No. 22), which means that it was filed within one year of both of the court's previous Rulings in this case.

within a reasonable time," id. at 60(c)(1).  With respect to both sections of Rule 60(b), Marte's argument is that the court erred by failing to consider a claim raised in a second Motion to Amend his section 2255 Petition that he claims was sent to the court in 2014. See Pet'r's Rule 60(b) Mot. at 1-2 (Doc. No. 22).

Upon receipt of Marte's Rule 60(b) Motion, the court reviewed the docket and checked through the files associated with this case, but the court was unable to find any record of a second Motion to Amend being received by the court.  See Order (Doc. No. 25) (stating that the court was unable to locate the filing referenced by Marte). Following its own search, the court ordered the government to provide a copy of Marte's second Motion to Amend as served on the government, or to report on the steps the government took to locate the Motion, without success.  See id.  The government subsequently filed a response that stated that the government's attorney "conducted a page by page review of the petitioner's Section 2255 file at the U.S. Attorney's Office, and [did] not [find] any such letter/motion."  Gov't's Response to Order of Feb. 12, 2016 (Doc. No. 26).  The government stated that the only supplemental/amended filing it was able to locate with respect to Marte's section 2255 Petition is Marte's first Motion to Amend, which is located on the docket and was considered by the court.  See id.; see also Pet'r's First Suppl./Am. Mot. (Doc. No. 5).  In sum, neither the government nor the court has been able to confirm receipt of the filing Marte claims was not considered by the court in connection with his Petition pursuant to section 2255.

After receiving the government's response, the court ordered Marte to provide a copy of the second Motion to Amend or, in the alternative, to explain why the document is no longer available.  See Order (Doc. No. 27).  Marte provided a copy of the letter

7

Motion to Amend, which is dated May 30, 2014, on March 3, 2016.  See Letter from Marte to Judge Hall ("Pet'r's Second Suppl./Am. Mot.") (Doc. No. 29).  In the second Motion to Amend, Marte contends that he is entitled to relief pursuant to section 2255 because, at sentencing, the court found that Marte was a "supervisor" of his offense of conviction, which would have warranted a three-level enhancement of Marte's total offense level pursuant to section 3B1.1(b) of the Sentencing Guidelines.  See id. However, the court gave Marte a four-level enhancement under section 3B1.1(a), see id., which is appropriate for a defendant who "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  United States Sentencing Guidelines § 3B1.1(a).  Marte argues that the four-level enhancement was error and, as a result, his sentence should be vacated.  See Pet'r's Second Suppl./Am. Mot. (Doc. No. 29).

Although the court is somewhat skeptical that Marte sent the second Motion to Amend in 2014, as he claims,[2] the court will give Marte the benefit of the doubt and assume that Marte did, in fact, send this document in May 2014.  If the court had been aware of Marte's second Motion to Amend prior to its consideration of his section 2255 Petition, the court would have granted Marte's request to amend his filing to add the claim raised in that document.  The fact that the court either did not receive, or inexplicably did not docket, this second Motion, and therefore did not consider the claim

---

[2] The court's practice is to docket nearly all documents received in connection with a pending case, and to retain copies of many received documents in paper files.  The fact that Marte's second Motion to Amend was neither entered on the docket, nor retained in the paper file associated with this case—as well as the fact that the government, who should have been separately served with any such filing, has been unable to locate any record of the Motion in their files—suggests to the court that either (a) Marte's Motion was lost in the mail, or (b) Marte did not send this filing when he claims.

raised therein when the court ruled on Marte's section 2255 Petition, appears to be attributable either to "mistake" or "inadvertence."  Fed. R. Civ. P. 60(b)(1).  Therefore, the court grants Marte's Rule 60(b) Motion and sets aside its previous Ruling to the extent necessary to consider the claim raised in Marte's second Motion to Amend in connection with his other claims, upon which the court has already ruled.  See July 2015 Ruling (Doc. No. 17).

B.    Relief Pursuant to Section 2255

Marte's second Motion to Amend[3] adds a claim to his section 2255 Petition related to the court's calculation of Marte's offense level at sentencing.  In particular, Marte claims that the court erred by adding a four-level enhancement to his total offense level despite "finding that [he] was a 'supervisor' in the offense" for which he was convicted, which would ordinarily warrant a three-level enhancement.  Pet'r's Second Suppl./Am. Mot. (Doc. No. 29); see also United States Sentencing Guidelines § 3B1.1. Marte argues that, because his lawyer failed to object to the four-level increase or to raise this alleged error on appeal, Marte received ineffective assistance of counsel.  See id.  Thus, Marte contends, his sentence must be vacated.  See id.

The claim articulated in Marte's second Motion to Amend does not warrant the relief Marte seeks.  As a factual matter, Marte is incorrect that the court found him to be a "supervisor" of the offense instead of an "organizer or leader."  United States Sentencing Guidelines § 3B1.1.  At sentencing, the court found that Marte "clearly led, managed or supervised" another participant in criminal activity.  United States v. Marte,

---

[3] The court grants the second Motion to Amend, meaning that the court permits Marte to amend his section 2255 Petition to add the claim articulated in the second Motion to Amend (Doc. No. 29).

No. 3:08-cr-00004, Sentencing Tr. at 11 (Doc. No. 1156) (emphasis added).  On the basis of this finding, the court concluded that "Marte qualifies for the four-level enhancement for his <u>leadership role</u> in the offense."  <u>Id.</u> at 13 (emphasis added).  In other words, at sentencing the court clearly found that Marte was a leader of criminal activity and, as a result, a four-level enhancement pursuant to section 3B1.1(a) of the Sentencing Guidelines was warranted.  Marte's assertion to the contrary, namely that the court found only that he was a supervisor of criminal activity, is not supported by the record.

Because Marte is mistaken as to the court's findings at sentencing, his argument that the court erred when it gave him a four-level enhancement for leading a criminal activity (instead of a three-level enhancement for supervising a criminal activity) is without merit.  More to the point, the fact that this argument is meritless means that it was not ineffective assistance of counsel for his attorney to fail to object to, or appeal, the four-level leadership enhancement on the specific grounds Marte raises.[4]  The first part of the <u>Strickland</u> test requires a defendant to show that counsel's conduct fell below an objective standard of reasonableness, and it is not objectively unreasonable for an attorney to fail to make meritless objections or to decline to pursue frivolous issues on appeal.  <u>See</u> <u>United States v. Kirsch</u>, 54 F.3d 1062, 1071 (2d Cir. 1995).  Because "the

---

[4] At sentencing, Marte's attorney did object to the application of the leadership role enhancement to Marte.  <u>See</u> <u>United States v. Marte</u>, No. 3:08-cr-00004, Sentencing Tr. at 14 (Doc. No. 1156). However, Marte's attorney did not argue that the court erred by finding that Marte was a supervisor of criminal activity and proceeding to impose a four-level enhancement pursuant to section 3B1.1(a), which is the specific omission Marte now contends constituted ineffective assistance of counsel.  <u>See</u> Pet'r's Second Suppl./Am. Mot. (Doc. No. 29).

failure to make a meritless argument does not rise to the level of ineffective assistance," id., Marte's ineffective assistance of counsel claim fails.

Separately, the court notes that the general appropriateness of the court's imposition of a four-level leadership enhancement pursuant to section 3B1.1(a) of the Sentencing Guidelines is an issue that Marte raised on direct appeal.  See Rawls, 523 F. App'x at 779 ("Marte . . . challenge[s] the District Court's decision to enhance [his] Guideline offense levels under U.S.S.G. § 3B1.1(a) . . . .").  In assessing Marte's argument with respect to the application of the leadership enhancement, the Second Circuit noted that "before it could apply the enhancement, the District Court needed to find that . . . Marte organized or led at least one other participant in a criminal activity involving five or more participants."  Id.  Although Marte, on appeal, "argue[d] that he did not 'lead' any other participant," the Second Circuit "conclude[d] that the record supported the District Court's finding to the contrary."  Id.

In light of the foregoing discussion, Marte is not entitled to an evidentiary hearing because his Motion and the record "conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

## IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS** Marte's Rule 60(b) Motion (Doc. No. 22), and sets aside its prior Judgment in this case to the extent necessary to assess the claim raised in Marte's second Motion to Amend his section 2255 Petition (Doc. No. 29).   The court also **GRANTS** Marte's second Motion to Amend his section 2255 Petition (Doc. No. 29).  However, because the court finds that the claim contained in Marte's second Motion to Amend does not state cognizable grounds for relief pursuant

to section 2255 of title 28 of the United States Code, Marte's section 2255 Petition (Doc. No. 1), as amended, is **DENIED**.  Because the court's decision with respect to the claim raised in Marte's second Motion to Amend does not affect any other part of the court's prior Ruling on Marte's section 2255 Petition, the court reaffirms its prior Ruling on the claims raised in Marte's original section 2255 Petition and first Motion to Amend.  See July 2015 Ruling (Doc. No. 17).  Finally, the court finds that Marte has not made a "substantial showing" of denial of a constitutional right and, as a result, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Clerk is directed that this case is to remain closed.

**SO ORDERED.**

Dated at New Haven, Connecticut this 11th day of April, 2016.


 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge